**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Jeffrey Scott TAYLOR, Defendant-Appellant.**

### No. 16-1350

United States Court of Appeals, Tenth Circuit.

Filed March 13, 2017

(D.C. Nos. 1:16-CV-01210-JLK and 1:13-CR-00400-JLK-1), (D. Colorado)

Robert Mark Russel, Edwin Garreth Winstead, III, Office of the United States Attorney, District of Colorado, Denver, CO, for Plaintiff-Appellee

Josh Lee, Office of the Federal Public Defender, Districts of Colorado and Wyoming, Denver, CO, for Defendant-Appellant

Before HARTZ, MURPHY, and PHILLIPS, Circuit Judges.

### ORDER AND JUDGMENT *

Harris L Hartz Circuit Judge

Defendant Jeffrey Taylor filed a motion under 28 U.S.C. § 2255 collaterally attacking his sentence. He argued that the calculation of his sentencing guideline range

---

ord, this panel has determined unanimously

had relied on the residual clause of USSG § 4B1.2(a)(2) and that the residual clause is unconstitutionally vague because it uses essentially the same language as the language in the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(b), which was held to be unconstitutionally vague in *Johnson v. United States*, —— U.S. ——, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). The district court denied the motion but granted a certificate of appealability. We **AFFIRM** the decision below. In *Beckles v. United States*, No. 15-8544, —— U.S. ——, 137 S.Ct. 886, 197 L.Ed.2d 145, 2017 WL 855781 (S.Ct. Mar. 6, 2017), the Supreme Court held that the unconstitutional-vagueness holding in *Johnson* does not apply to the residual clause in the sentencing guidelines. The other issues raised by the parties are moot.

---

that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.